IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES L. PLYMALE                                                                      PLAINTIFF

v.                                  Civil No. 01-2020

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                       DEFENDANT

**O R D E R**

Plaintiff James L. Plymale appealed the Commissioner's denial of benefits to this court. On August 31, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

On November 28, 2005, plaintiff moved for approval of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $2,110.64, representing 16.75 hours of service at the rate of $125.00 per hour and $16.89 for postage. Defendant has filed a response, expressing no objection to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a social

security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at an hourly rate of $125.00. The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended EAJA and increased the statutory ceiling for EAJA fee awards from $75 to $125 per hour. *See* Public Law 104-121, § 232(b)(1). Consequently, we find that plaintiff's counsel is entitled to compensation at an hourly rate of $125.00. We further find plaintiff's counsel is entitled to 16.75 hours of work and reimbursement of $16.89 in costs.

## CONCLUSION

Based on the above, we hereby award an attorney's fee under EAJA of $2,110.64, representing 16.75 hours at a rate of $125.00 per hour and $16.89 in expenses. This amount should be paid in addition to, and not out of, plaintiff's past due benefits.

IT IS SO ORDERED this 17th day of February 2006.

    /s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE